UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MURIELLE ABDALLAH, Individually    )
and on Behalf of All Other         )
Persons Similarly Situated,        )
                                   )
            Plaintiff,             )    CIVIL ACTION NO.
                                   )    12-12027-DPW
v.                                 )
                                   )
BAIN CAPITAL LLC,                  )
                                   )
            Defendant.             )
                                   )

MEMORANDUM AND ORDER
July 9, 2013

     This is Plaintiff's fourth attempt to hold Defendant Bain

Capital liable for labor violations committed in France.  None of

the previous attempts has proved successful.  This one is no

different.

     Most recently, in dealing with plaintiff's third attempt to

mount an attack on plaintiff's purported violations, Judge Tauro

dismissed a substantively identical complaint on statute of

limitations grounds approximately one year ago.  *See Abdallah* v.

*Bain*, 880 F. Supp. 2d 190, 199 (D. Mass. 2012).  Judge Tauro held

that Plaintiff failed to file her claims within the statutorily

authorized period and neither the discovery rule nor the

fraudulent concealment doctrine nor the doctrine of equitable

tolling applied to excuse Plaintiff's delay.  *Id.*

     In her new complaint (erroneously assigned to this session

because Plaintiff failed to identify this case as related to the

case she unsuccessfully litigated before Judge Tauro)[1] and her
opposition to Defendant's motion to dismiss, Plaintiff does not
contend that she has learned any new information since Judge
Tauro dismissed her case.  Rather, she urges reconsideration of
Judge Tauro's prior dismissal based on an argument that was both
available to and known by her but that she elected not to raise
at the time she opposed the previous dismissal.  Her newly
alleged facts and newly asserted arguments do not alter the
outcome: her claim remains untimely and I grant Defendant's
motion to dismiss on that ground.

I

This case arises out of a mass layoff that occurred when a
Samsonite luggage factory in France went bankrupt and was shut
down in a February 2008 judicial liquidation under the
supervision of the Tribunal de Commerce of Paris.  (*See* Compl. ¶¶
40-41.)  Plaintiff Abdallah was one of the factory workers who
lost her job.  (*Id.*)  She filed lawsuits in two other French
courts against Samsonite alleging that Samsonite had engaged in a

---

[1] Under Local Rule 40.1(G), when a case, such as this, involving
the same claims and defenses as a case not closed two or more
years earlier is filed the plaintiff must alert the Clerk so that
the case can be assigned to the judge in the earlier filed case.
Plaintiff did not provide such notice to the clerk here.
Nevertheless, rather than further delay resolution of this case
by arranging reassignment to Judge Tauro, I have determined to
act in this matter without the additional procedural steps
designed by Local Rule 40.1 to avoid the potential for judge
shopping by litigants dissatisfied with one judge who file a
related case in the hope of drawing a different one.

fraudulent scheme to transfer ownership of the factory to HB
Group for the purpose of avoiding its obligations to the fired
employees under French employment law.  (*See* Compl. ¶¶ 49-59, 60-
63.)  Plaintiff also named Bain as a defendant because Bain was
Samsonite's primary shareholder.  (*See* Compl. ¶¶ 6, 46, 49, 60.)
In 2008, both courts found in favor of the Plaintiff as to
Samsonite but dismissed the claims against Bain.  (*See* Compl. ¶¶
59, 61, 63.)

   Abdallah filed her first United States complaint against
Bain in the District of Massachusetts in November 2011, three
years after losing her cases against Bain in the French courts
and more than four years after her actual termination.  The
statutory period for bringing each of Plaintiff's claims had
already lapsed.  *See Abdallah*, 880 F. Supp. 2d at 195, 195 n.26,
199.  Judge Tauro specifically rejected Plaintiff's argument that
certain new information Plaintiff learned in September 2011 from
Jean-Jacques Aurel, the owner-operator of HB Group, might toll
the statutes of limitations based on the discovery rule, or
provide grounds for invoking the doctrines of fraudulent
concealment or equitable tolling.  *See generally id.*  However,
Judge Tauro also held out the possibility that "[i]f additional
facts regarding the information that came to light in September
2011 would justify invoking any of the doctrines discussed above,

Abdallah may refile a complaint that includes specifics regarding the doctrine she wishes to invoke." *Id.* at 199.

II

Plaintiff filed the instant new complaint in this court on October 30, 2012, at that point four years after losing her cases against Bain in the French courts and more than five years after her actual termination.  She does not contend that she learned any new information after opposing the motion to dismiss her previous complaint before Judge Tauro.  She does not dispute that her claim accrued on February 15, 2007, the date that the Paris Tribunal de Commerce ordered the judicial liquidation of the factory and the date Abdallah learned that she would lose her job.  She also does not challenge Judge Tauro's denial of her discovery-rule argument, relying here only on the doctrines of fraudulent concealment and equitable tolling.  Rather, she asserts that her new complaint contains five new facts that she knew but did not raise before:

(1) Bain itself designed the fraudulent scheme to transfer the factory to HB Group, (*see* Compl. ¶ 74),

(2) Bain had intended to illegally shift the costs of shutting down the factory when it proposed the plan to Samsonite, (*see* Compl. ¶¶ 19, 25),[2]

---

[2] Although Plaintiff includes this allegation of intent in her list of additional facts, I note that the paragraphs of the Complaint she cites in support are mere "'[n]aked assertion[s]'

(3) A Bain officer recruited a PR consultant who found the party to purchase the factory, (*see* Compl. ¶ 75),

(4) During a 2012 criminal trial in France, another member of HB Group corroborated Aurel's September 2011 affidavit, (*see* Compl. ¶ 77), and

(5) Bain lied in the French courts when it said that it was a "stranger" to the acts that constituted the fraud, (*see* Compl. ¶¶ 47, 73).

The first four newly asserted 'facts' are simply further allegations in support of the underlying substantive claim that Bain, in fact, participated in the fraudulent scheme.  They do not show that Bain actively concealed any cause of action from Plaintiff.  They do not qualify as the kind of "additional facts . . . justify[ing] invoking any of the [three tolling] doctrines" Judge Tauro referred to in his decision, nor do they support Plaintiff's attempt to surmount the statute of limitations in this case.  Only the last newly asserted fact - that Bain lied about its role - even arguably supports Plaintiff's fraudulent concealment and equitable tolling arguments.  But, on closer examination, the assertion that Bain lied in representing that it was a "stranger" to the underlying fraud does not support

devoid of 'further factual enhancement'" and are therefore conclusory allegations not entitled to the assumptions of truth normally attendant on allegations at the pleading stage. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 557 (2007)).

Plaintiff's effort to avoid application of the statute of limitations.

### A.    *Fraudulent Concealment*

Massachusetts law allows for tolling of the statute of limitations where "a person liable to a personal action fraudulently conceals the *cause of action* from the knowledge of the person entitled to bring it."  M.G.L. 260 § 12 (emphasis added).  Where, as here, there is no fiduciary duty between plaintiff and defendant, Massachusetts law will only toll the statute of limitations for "some affirmative act done with intent to deceive."  *White* v. *Peabody Constr. Co.*, 434 N.E.2d 1015, 1022 (Mass. 1982); *accord Salvas* v. *Wal-Mart Stores, Inc.*, 893 N.E.2d 1187, 1217 (Mass. 2008)("Absent a fiduciary or other special duty, which the plaintiffs do not here assert, active fraud is ordinarily required to prove fraudulent concealment.").

Plaintiff's reliance on Bain's statement before the French Court is misguided.  A defendant's denial of responsibility for acts and conditions of which the plaintiff is fully aware does not toll the statute of limitations on fraudulent concealment grounds.  *See White*, 434 N.E.2d at 1023.  Plaintiff's knowledge of the circumstances surrounding Bain's involvement is clear from her pleadings in the French-court litigations.  Her March 25, 2008 pleading before the Tribunal d'Instance stated,

> the documents in the file show that the shareholders of
> Samsonite, especially through the active brokerage of

6

Bain Capital, intervened directly in the organization
of the disputed operation, which they wanted and partly
orchestrated.

(Kudish Affidavit, Ex. B. at 47.)  Plaintiff represented to the

French court that Bain Capital was actively involved in the

fraudulent transaction and that she had documentary evidence in

her file to support that position.  She stated that Bain could

and should "be called to answer for the damaging consequences of

the fraudulent operation; it is appropriate to enforce against

[Bain] the judgment to be rendered."  (*Id.*)

In her March 11, 2008 pleading before the French labor

court, the Conseil de Prud'Hommes, she affirmatively sought money

damages against Bain.  (*See* Underwood Affidavit, Ex. B at 84.)

She therefore knew at that point, or at least represented to two

French courts that she had reason to know, of Bain's involvement

in the scheme.  Bain's denial of responsibility for or

involvement in circumstances of which Abdallah was fully aware

does not constitute fraudulent concealment.  *See White*, 434

N.E.2d at 1023.

Plaintiff's counter-argument - that she was obligated under

French law to take Bain at its word until some other party proved

to her that Bain was lying - is frivolous.  Her only authority

for this proposition is French Civ. Code Art. 2268, which states

"[g]ood faith is always presumed, and it is on the person who

alleges bad faith to prove it."  First, this provision, quoted

entirely out of context, governs the good faith requirement of
French adverse possession law, *see* French Civ. Code Art. 2265-
2270, not the impact of good faith statements to a court in other
litigation.  Second, even if this article did, somehow, govern
in-court statements, which does not appear to be the case, the
plain meaning of the language would not require a party to accept
an opposing party's representations.  To the contrary, the plain
language would place the onus on Plaintiff to show that
Defendant's statements were made in bad faith.  If every
defendants' denial of a factual allegation triggered fraudulent
concealment, statutes of limitation would become practically
limitless.  *Cf. Olsen* v. *Bell Tele. Labs., Inc.*, 455 N.E.2d 609,
612 (Mass. 1983)("If we were to take cognizance of that kind of
fact in determining the date of accrual of a cause of action
there would be little left to the statutes of limitations.").[3]

Even if Plaintiff took Bain's statement at face value, it
could only serve to conceal Bain's involvement; it could not have
concealed the facts establishing Plaintiff's injury and her cause
of action.  This is not the stuff of fraudulent concealment.  The
doctrine of fraudulent concealment "concerns plaintiffs' ability

---

[3] I note that Plaintiff's pleadings before the Tribunal
d'Instance *responded* to Bain's argument that it was not
responsible for the fraudulent transfer.  It is apparent, then,
that Plaintiff did not believe (or respond as if she believed),
that she was under an obligation to accept such statements at
face value.

to know of the 'cause of action' itself, not the particular

identity of the tortfeasor." *Gauthier* v. *United States*, No. 10-

40116, 2011 WL 3902770, *5 (D. Mass. Sept. 2, 2011)(citing *White*

v. *Peabody Const. Co., Inc.*, 434 N.E.2d 1015 (Mass. 1982)).  As

in *Gauthier*, Abdallah

> do[es] not allege that defendants deceived [her] as to
> whether [she] had a legal right to sue someone.  At
> most, [she] allege[s] that defendant[] denied
> responsibility and may have misled plaitiff[] with
> regard to the corporation's relationship to [those]
> alleged to have committ[ed] the [harm].  Such a
> misrepresentation would not conceal from plaintiff[]
> the existence of [her] cause of action. [M.G.L. 260 §
> 12] thus does not apply.

*Id*.  The only new fact Plaintiff raises in support of her renewed

argument for fraudulent concealment goes to the identity of the

tortfeasor, not the existence of a cause of action.  Plaintiff

does not contend that she was unaware of her injury or her cause

of action.  She only contends - implausibly and counter-factually

- that she was unaware of *Bain's* involvement.[4]

---

[4] Plaintiff's citation to *Massachusetts Eye & Ear Infirmary* v.
*QLT Phototherapeutics, Inc.*, 412 F.3d 215 (1st Cir. 2005) does
not help her.  In *Massachusetts Eye & Ear,* the plaintiff claimed
fraudulent concealment because "it did not know that it had been
harmed at all" not because it knew of the harm but not the
identity of the tortfeasor.  *Id.* at 241.  Likewise, the doctrine
that "mere suspicion of fraud is insufficient to end the tolling
period," does not refer to the identity of the alleged
tortfeasor, but to the existence of the fraud itself.  *See id.*
(quoting *Compagnie de Reassurance d'Ile de France* v. *New. Eng.
Reins. Corp.*, 944 F. Supp. 986, 995 (D. Mass. 1996)).  Plaintiff
admits she knew of the fraud itself.  She cannot invoke
fraudulent concealment by claiming she only suspected Bain's
involvement.

B.    *Equitable Tolling*

Plaintiff's equitable tolling argument fails for largely the same reasons as are applicable to her fraudulent concealment argument.  Massachusetts law will toll the statute of limitations "if a plaintiff exercising reasonable diligence could not have discovered information essential to bringing the suit." *Bernier* v. *Upjohn Co.*, 144 F.3d 178, 180 (1st Cir. 1998).  The First Circuit has cautioned that in order "[t]o preserve the usefulness of statutes of limitations as rules of law, equitable tolling should be invoked only 'sparingly.'" *Neverson* v. *Farquaharson*, 366 F.3d 32, 42 (1st Cir. 2004) (quoting *Irwin* v. *Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)).  This is not the kind of extraordinary case that justifies equitable tolling.

Plaintiff's equitable tolling argument is derivative of her fraudulent concealment argument.  She argues that because Bain denied its involvement in the fraud during the French court actions, it fraudulently concealed its part in the factory closing, and this act of fraudulent concealment is what prevented Plaintiff from discovering, even with reasonable diligence, the information essential to bringing this case.

First, as discussed above, Defendant's actions do not constitute fraudulent concealment, and therefore cannot form the only predicate for equitable tolling that Plaintiff invokes. Second, Plaintiff admits she knew of the fraud and represented to

10

the French Court that she knew of Bain's involvement.  She therefore had what she needed if she undertook diligently to gather the information essential to file her action.  Third, if equitable tolling applied in every case where a defendant denied the factual allegations of a complaint, the word "sparingly" would need to take on an entirely new and contradictorily expansive meaning before courts could faithfully heed the admonitions of the Supreme Court and the First Circuit.  It would be impossible to apply equitable tolling sparingly if it applied in every contested case where the defendant denied factual allegations.

## CONCLUSION

For the foregoing reasons, I GRANT Defendant's Motion to Dismiss (Dkt. 10).  Plaintiff has now had two separate opportunities to argue for tolling of the statute of limitations before two different judges of this court based on the same information.  It is clear that she cannot allege the factual predicates necessary to invoke any tolling doctrine.  I direct the Clerk to enter a defendant's judgment of dismissal expressly stating that it is with prejudice.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE